| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS<br>MIDLAND/ODESSA DIVISION |
| --- | --- |

| | | |
| --- | --- | --- |
| NICHOLAS KENNEDY, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff(s)*, | § § | |
| v. | § § | No. __7:20-cv-00251__ |
| TURBO DRILL INDUSTRIES, INC., MYLES WOLOSHYN AND SHELDON RITCHIE | § § § § | |
| *Defendants*. | § § | |

### PLAINTIFF NICHOLAS KENNEDY'S ORIGINAL COMPLAINT

Plaintiff Nicholas Kennedy (referred to as "Kennedy") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants Turbo Drill Industries, Inc. (referred to as "TDI"), Myles Woloshyn (referred to as "Woloshyn") and Sheldon Ritchie (referred to as "Ritchie") (hereinafter collectively referred to as "Defendants") who were paid on a salary-plus-daily-rate basis during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I.  Nature of Suit

1.      Kennedy's claims arise under the FLSA.

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3.     To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.     TDI, Woloshyn and Ritchie violated the FLSA by employing Kennedy and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.     TDI, Woloshyn and Ritchie willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6.     Kennedy brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of TDI, Woloshyn and Ritchie who were paid on a salary and/or a day-rate basis during the past three years.

## II.  Jurisdiction & Venue

7.     This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.     Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Kennedy's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

### III.  Parties

9.     Kennedy is an individual who resides in Jackson County, Mississippi and who was employed by TDI during the last three years.

10.     TDI is a Texas Corporation that may be served with process by serving its registered agent:

> Kenneth H. Holt
> 3200 Southwest Freeway, Suite 3200
> Houston, Texas 77027

Alternatively, if the registered agent of TDI cannot with reasonable diligence be found at the company's registered office, TDI may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11.     Myles Woloshyn is an individual and may be served with process at:

> Myles Woloshyn
> 1125 Beach Airport Drive
> Conroe, TX 77302

Alternatively, Myles Woloshyn may be served with process pursuant to the TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

12.     Sheldon Ritchie is an individual and may be served with process at:

Sheldon Ritchie
2709 Magenta Meadow
Conroe, Texas 77304

Alternatively, Sheldon Ritchie may be served with process pursuant to the TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

13.     An allegation that Defendants committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

14.     Defendants manufacture and supply downhole drilling products and services throughout the United States. *See generally*, Turbo Drill Industries Inc.—Turbo Drill Industries, http://www.turbodrillind.com (last visited Oct. 26, 2020).

15.     Defendants do business in the territorial jurisdiction of this Court.

16.     Defendants employed Kennedy from July 2018 to July 2020.

17.     Defendants employed Kennedy as a directional driller.

18.     Woloshyn is the president and CEO of TDI and was also Kennedy's employer.

19.     Ritchie is the COO of TDI and was also Kennedy's employer.

20.     Woloshyn and Ritchie are responsible for TDI's pay practices and exercises substantial control over TDI's finances and operations. Accordingly, Woloshyn and Ritchie are individually liable for TDI's illegal pay practices alleged herein.

21.     Woloshyn and Ritchie implemented TDI's pay practices and retain control over those practices. Among other things, Woloshyn and Ritchie had authority to set rates and methods of paying TDI employees, including Kennedy.

22.     As the president, CEO and COO of TDI, Woloshyn and Ritchie had authority over TDI's personnel decisions such as the hiring and firing of TDI employees, as well as determining employee work schedules.

23.     As a directional driller, Kennedy was responsible for operating various tools and machinery and day-to-day wellsite work at drilling sites.

24.     During Kennedy's employment with Defendants, he was engaged in commerce or in the productions of goods for commerce.

25.     During Kennedy's employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce.

26.     During Kennedy's employment with Defendants, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

27.     During Kennedy's employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

28.     Defendants paid Kennedy on salary-plus-daily-rate basis.

- 5 -

29.     Defendants paid Kennedy on a bi-weekly basis by direct deposit.

30.     During Kennedy's employment with Defendants, he regularly worked in excess of forty hours per week.

31.     Defendants knew or should have known that Kennedy worked in excess of forty hours per week.

32.     Defendants did not pay Kennedy for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

33.     Instead, Defendants paid Kennedy on a salary-plus-daily-rate basis.

34.     Kennedy was not exempt from the maximum hour requirements of the FLSA.

35.     As a directional driller, Kennedy's primary duties were nonexempt.

36.     As a directional driller, Kennedy's primary duties did not include office or nonmanual work.

37.     As a directional driller, Kennedy's primary duties were not directly related to the management or general business operations of Defendants or its customers.

38.     As a directional driller, Kennedy's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

39.     As a directional driller, Kennedy did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

40.     As a directional driller, Kennedy was, instead, required to follow Defendants' policies, practices and procedures.

41.     As a directional driller, Kennedy did not have any independent authority to deviate from Defendants' policies, practices and procedures.

42.     Defendants knew or should have known that Kennedy was not exempt from the maximum hour requirements of the FLSA.

43.     Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

44.     During Kennedy's employment with Defendants, the company did not maintain accurate time and pay records for Kennedy as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

45.     During Kennedy's employment with Defendants, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

46.     Defendants continued the pay practice(s) complained of by Kennedy without investigation after being put on notice that the pay practice(s) violated the FLSA.

47.     Defendants have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

48.     Prior to this lawsuit, Defendants conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Kennedy.

49.     Because Defendants willfully violated the FLSA, the company is liable to Kennedy for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

50.     As a result of the FLSA violation(s) described above, Defendants are liable to Kennedy for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

51.     All employees employed by Defendants during the last three years are similarly situated to Kennedy because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Defendants under 29 U.S.C. § 216(b).

### V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

52.     Kennedy adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

53.     During Kennedy's employment with Defendants, he was a nonexempt employee.

54.     As a nonexempt employee, Defendants was legally obligated to pay Kennedy "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

55.     Defendants did not pay Kennedy "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

56.     Instead, Defendants paid Kennedy on a salary-plus-daily-rate basis.

57.     If Defendants classified Kennedy as exempt from the maximum hour requirements of the FLSA, he was misclassified.

58.     As a result of the FLSA violation(s) described above, Defendants are liable to Kennedy for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI.  Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

59.     Kennedy adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

60.     Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

61.     During Kennedy's employment with Defendants, the company did not maintain accurate time and pay records for Kennedy as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

62.     Because Defendants willfully violated the FLSA, the company is liable to Kennedy for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII.  Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

63.     Kennedy adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

64.     On information and belief, other employees of Defendants have been victimized by the FLSA violation(s) described above.

65.     These employees are similarly situated to Kennedy because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

66.     Defendants' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

67.     Since Kennedy's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

68.     For these reasons, Kennedy requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All employees employed by Defendants' during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on a salary-plus-daily-rate basis.

69.     Defendants are liable to Kennedy and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

70.     Kennedy has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

71.    Kennedy adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

72.    Kennedy is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

73.    Kennedy is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

74.    Kennedy has retained the professional services of the undersigned attorneys.

75.    Kennedy has complied with the conditions precedent to recovering attorney's fees and costs.

76.    Kennedy has incurred or may incur attorney's fees and costs in bringing this lawsuit.

77.    The attorney's fees and costs incurred or that may be incurred by Kennedy were or are reasonable and necessary.

78.    Defendants are liable to Kennedy and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX.  Relief Sought

79. Kennedy demands the following relief:

   a.  an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

b.  an incentive award for Kennedy for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

c.  judgment against Defendants in Kennedy's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

d.  all other relief and sums that may be adjudged against Defendants in Kennedy's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____
Melissa Moore
State Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
State Bar No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**


Of Counsel:

Renu Tandale
State Bar No. 24107417
renu@mooreandassociates.net